**M. V. McDONALD, Plaintiff-Appellant,**

v.

**Oivind LORENTZEN et al.,
Defendants-Appellees.**

No. 73-2438

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1973.

Atreus M. Clay, R. M. Sharpe, Jr., Houston, Tex., for plaintiff-appellant.

Dixie Smith, H. Lee Lewis, Jr., Houston, Tex., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff-appellant sued in admiralty for injuries sustained while working as a longshoreman for the Southern Stevedoring Co., Inc. He was injured while helping to unload cargo from the SS Nopal Luna while the ship lay docked in navigable waters at Houston, Texas. After a trial on the merits, the district court found that the vessel was not unseaworthy and that the individual defendants were in no way negligent. It, therefore, entered judgment in favor of the defendants, from which judgment plaintiff appeals.

On April 19, 1969, when the incident occurred, plaintiff McDonald and others were unloading logs from the vessel into a railroad car, using one of the ship's winches. Logs were attached to the winch line with steel wire "snorters" on each end, then the winch operator swung the logs over the dock and lowered them into the railroad car. McDonald and a fellow longshoreman, Williamson, would

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citiens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

then unhook the "snorters" from each log after it had been placed in the railroad car.

After one of the logs had been lowered into the railroad car, the winch operator caused the winch line to be drawn in after Williamson's end of the log had been unhooked from the line, but before McDonald had unhooked his end. This caused the winch to pull McDonald's end of the log toward him, injuring him.

The district court found that the sole proximate cause of McDonald's injury was Williamson's negligence in signaling the winch operator to draw in the winch line without checking to see whether McDonald had unhooked his end of the log. The district court also found that the ship and its equipment (including the winch) were not unseaworthy.

Appellant urges us to overturn the trial court's finding of fact that Williamson unhooked his end of the log. His argument is that the only fact supportable in the record is that Williamson's end of the log "came unhooked." Even if we accepted this argument, it would not change the trial court's further finding of fact that, "As a result of the signal given by the plaintiff's coworker (Williamson), the winch operator picked up the load while one wire snorter was still attached to the log." This finding is the basis for the trial court's conclusion that Williamson, and Williamson alone, caused the accident.

Appellant also urges us to find that the district court erred in applying the principle of Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971), to the facts of this case. In *Usner*, the Supreme Court held that when a longshoreman was injured by an isolated act of negligence of a fellow longshoreman, he could not recover against a shipowner on the basis of the ship's unseaworthiness. We find that the district court was correct in applying *Usner* to this case.

The judgment of the district court is Affirmed.